**JIN HUA WU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–5744–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Kimberly Ellis, Law Offices of Michael Brown, New York, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Ann M. Nevins, Assistant United States Attorney, Bridgeport, Connecticut, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. BARRINGTON D. PARKER, Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Jin Hua Wu petitions for review the BIA's October 2005 denial of his motion to reconsider its summary affirmance of Immigration Judge ("IJ") Michael J. Straus's denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Wu's motion to reconsider. The BIA adequately addressed Wu's concern that the IJ relied too heavily on country condition reports in making his adverse credibility finding. In its decision, the BIA cited this Court's holding in *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) to support its summary affirmance of the IJ's adverse credibility finding. The BIA reasonably determined that Wu was unable point to credible evidence that undermined the IJ's findings. The BIA provided a clear and rational explanation for denying Wu's motion to reconsid-

er. As a result, the BIA did not abuse its discretion, nor did it violate Wu's due process rights when it denied his motion to reconsider.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).